UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROY LEE ELLIOTT,

                              Petitioner,                              **REPORT AND RECOMMENDATION**

        - against -                                                        05 Civ. 3119 (KMK) (GAY)

WILLIAM PHILLIPS, Superintendent
Green Haven Correctional Facility,
And THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK

                              Respondents.
------------------------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

      Petitioner Roy Lee Elliott ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. BACKGROUND**

      On April 5, 2001, following a trial in County Court, Sullivan County (LaBuda, J., presiding), petitioner was convicted of attempted assault in the first degree (New York Penal Law Section 110/120.10(1)), assault in the second degree (New York Penal Law Section 120.05(2)), two counts of criminal possession of a weapon in the third degree (New York Penal Law Section 265.02(1)), and unlawful imprisonment in the first degree (New York Penal Law Section 135.10). See Respondent's Answer ("Resp't Answer") ¶ 4.

Petitioner was accused of assaulting his former girlfriend with a hammer, two knives, and a table leg from 10 p.m. on November 26, 2001 until 2 a.m. on November 27, 2001.  See Respondent's Memorandum of Law in Support of Answer ("Resp't Memo") at 2-3.  Petitioner was also accused of false imprisonment as a result of the same incident, using a telephone cord and belt to restrain the victim during the assault.  Id.  Petitioner was arrested on the morning of the incident and indicted on November 29, 2001, by the Sullivan County Grand Jury.  Id. at 2; see also Resp't Answer ¶ 6.  Petitioner plead not guilty to all charges.  See Petition for Writ of Habeas Corpus ("Pet.") at ¶ 5; see also Resp't Memo at 4.  Upon conviction by a jury, petitioner was sentenced by the court to a determinate 15 years in prison.  See Resp't Answer ¶ 4.  Petitioner is presently incarcerated at the Green Haven Correctional Facility in Stormville, New York.

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Third Department, on the grounds that: (1) "[petitioner's] right to be present was violated"; (2) "the indictment should be dismissed"; (3) "the Sandoval ruling was erroneous"; (4) "the sentence was unduly harsh and severe"; (5) "the evidence of attempted assault in the first degree was insufficient"; (6) "the court deprived the defendant of a fair trial by its interested witness charges"; and (7) "the verdict was repugnant."  See Petitioner's Appellate Brief, Schedule C[1].  On May 6, 2002, petitioner applied, pro se, to have his appellate counsel's brief to the Appellate Division regarding the appeal of his conviction stricken "on the grounds that appellate counsel was ineffective and that new appellate counsel be assigned."  See Resp't

---

[1] Unless otherwise noted, schedules are attached to Respondent's Memorandum of Law.

Answer ¶ 9.  By a Decision and Order dated June 11, 2002, the Appellate Division denied petitioner's application.  See Id. Schedule B.

By Decision and Order entered on November 27, 2002, the Appellate Division remanded petitioner's case to the Sullivan County Court for a hearing to determine whether petitioner was present while a juror was being questioned.  See Resp't Answer ¶ 11; see also People v. Elliot, 299 A.D.2d 731, 751 N.Y.S.2d 331, 2002 N.Y. Slip Op. 08847 (13rd Dep't 2002).  On January 21, 2003, a reconstruction hearing was conducted by Judge Ledina, who determined that the petitioner was in fact present when the juror was questioned.  See Resp't Answer ¶ 12.  The Third Department, by Decision and Order entered on May 1, 2003, affirmed the judgment of conviction.  See Schedule G; see also People v. Elliot, 305 A.D.2d 704, 757 N.Y.S.2d 807, 2003 N.Y. Slip Op. 13499 (3rd Dep't 2003).

Petitioner appealed to the New York Court of Appeals on the grounds that (1) "his right to be present at the questioning of the jury was violated" and (2) "he was entitled to have received a bill of particulars."  See Resp't Answer ¶ 14; see also Schedule H.  The New York Court of Appeals denied petitioner leave to appeal on August 27, 2003.  See Schedule J; see also People v. Elliot, 100 N.Y.2d 594, 798 N.E.2d 353 (2003).

On or about April 26, 2004, petitioner filed a motion to vacate the judgment of conviction pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the ground that trial counsel was ineffective.  See Pet. at ¶ 11.  By Decision and Order entered on June 4, 2004, the Court denied said motion.  See Schedule M.  In

response, on or about June 24, 2004, petitioner moved *pro se* for leave to appeal the order to the Appellate Division pursuant to New York CPL sections 450.15 and 460.15. See Schedule N. By Decision and Order entered July 28, 2004, the Third Department denied petitioner's request for leave to appeal the denial of his 440.10 motion. See Schedule P.

On or about August 8, 2004, petitioner filed a writ of error *coram nobis* in the Appellate Division on the ground that his appellate counsel was ineffective because he 1) failed to raise an ineffective assistance of trial counsel claim on direct appeal and 2) did not sufficiently prepare his brief to the Appellate Division. See Petitioner's Writ of Error *Coram Nobis*, Schedule Q. By Decision and Order dated October 7, 2004, the Appellate Division denied petitioner's said motion. See Schedule S. On or about October 27, 2004, petitioner filed a motion for leave to appeal the denial of his writ of error *coram nobis* to the New York Court of Appeals pursuant to New York CPL 460.20. See Schedule T. By Decision and Order dated November 30, 2004, the Court of Appeals denied said motion. See Schedule V.

On or about December 8, 2004, petitioner filed the instant Petition for a Writ of Habeas Corpus wherein he asserts that he is entitled to habeas relief on the following grounds: (1) ineffective assistance of counsel (trial and appellate); (2) weight of evidence insufficient to sustain verdict; (3) cruel and excessive punishment, and (4) repugnant verdict. See Pet. at ¶ 12. On March 23, 2005, the court directed petitioner to amend his habeas corpus petition to address the timeliness of the petition and to correct the case caption. See Elliot v. Phillips, Dkt. No. 2. Accordingly, petitioner

4

asserted that his claims were not time-barred and that he had exhausted all state remedies prior to filing his habeas petition.[2]  See Amended Petition of Habeas Corpus ("Am. Pet.").

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state court questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  See 28 U.S.C. § 2254(a).  Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct.

---

[2] Petitioner's federal habeas petition was originally filed in United States District Court for the Northern District of New York, on December 8, 2004.  That Court transferred the matter to the Southern District of New York.

The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III.  DISCUSSION**

A.     Timeliness of Petition

Petitioner claims that his habeas petition is not time barred.  According to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  Pursuant to the Order of Judge Mukasey, entered on March 23, 2005, petitioner "had until November 25, 2004, one year from the date that petitioner's judgment of conviction became final, to submit his federal petition for a writ of habeas corpus under § 2254.  See Order, Docket No. 2.  The Order noted that according to 28 U.S.C. § 2244(d)(2) time is tolled when state motions related to the conviction are pending.  Id.

Here, petitioner's motion was not time-barred since the time was tolled when his motion for writ of error coram nobis was pending.  Petitioner would have had until November 25, 2004, to file his habeas petition.  When petitioner filed his coram nobis motion on August, 8, 2004, 265 days had expired on his one year statute of limitations.  On that date, his time was tolled until a decision on that motion was entered on October 7, 2004.  The statute of limitations then began to run again until time became tolled once more in response to petitioner's motion for leave to appeal the coram nobis motion decision on October 27, 2004.  At that point, 285 days had expired.  On November 30,

6

2004, the statute of limitations began to run again when the Court of Appeals denied petitioner's motion. Therefore, as of petitioner's filing date of December 8, 2004, less than a year had passed. The petition is deemed timely and petitioner's grounds for habeas relief are decided as follows.

B.     Ineffective Assistance of Counsel

Petitioner alleges that both his trial and appellate counsel provided ineffective assistance. In order to prevail on his claims of ineffective assistance of counsel, petitioner must demonstrate (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-89, 693-94 (1984).[3] Moreover, "judicial scrutiny of counsel's performance must be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

1. Trial Counsel

Petitioner asserts that he was deprived of his right to effective assistance of trial counsel. Petitioner contends that his trial attorney: (1) did not assure that petitioner was present at all stages of his trial; (2) did not advocate on petitioner's behalf; (3) failed to reveal exculpatory evidence to the jury; and (4) failed to challenge a repugnant and inconsistent verdict. See Pet. at ¶ 12A. Petitioner raised the first ground on direct appeal and in his CPL 440.10 motion to vacate the judgment. The third ground was

---

[3]  The Strickland test applies to claims of ineffective assistance of either trial or appellate counsel. See Smith v. Robbins, 528 U.S. 259 (2000).

also raised in the CPL 440.10 motion.  The trial court denied petitioners first and third contentions pursuant to CPL § 440.10(2)(a) and (c), which provide that the court must deny a motion to vacate a judgment when

> (a)  "…the ground of issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue…"  CPL § 440.10(2)(a); and when

> (c)  "…Although sufficient facts appear on the record of the proceeding underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such a ground of issue upon an appeal actually perfected by him…"  CPL § 440.10(2)(c).

The Second Department thereafter summarily denied petitioner leave to appeal from the denial of his motion to vacate.  See Schedule P.

Petitioner's first and third grounds for ineffective assistance of trial counsel are procedurally barred.  Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991). See Lee v. Kemna, 534 U.S. 362, 375 (2002).  A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question."  Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and

citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the trial court denied petitioner's ineffective assistance of trial counsel claim pursuant to CPL 440.10(2)(a) and (2)(c) because said claim had been denied by the Appellate Division on direct appeal and by the trial court in a previous CPL 440.10 motion. Thus, the trial court clearly relied on an "independent" state procedural rule in denying petitioner's grounds for his motion to vacate. Coleman, 501 U.S. at 750. Moreover, the trial court's written decision clearly indicated that it "actually relied on" the state procedural rule as the basis for denying petitioner's ineffective assistance claim. Cotto, 331 F.3d at 240. Further, applying the Cotto "guideposts" to petitioner's case, the procedural bar relied on by the trial court is one that is "firmly established and regularly followed" and, thus, "adequate." Garcia, 188 F.3d at 77. Additionally, "it is well-settled under New York law that where the record is sufficient to allow appellate review of a claim, the failure to raise that claim on direct appeal precludes subsequent collateral

9

review of the claim." Smith v. Artus, No. 03 Civ. 6982, 2004 WL 789769 at *16 (S.D.N.Y. Apr. 14, 2004). Finally, petitioner did not "substantially comply" with the state procedural rule. Cotto, 331 F.3d at 240. Therefore, the trial court's denial of petitioner's grounds for his motion to vacate rested on an independent and adequate procedural ground.

Because there is an adequate and independent finding by the trial court that petitioner procedurally defaulted on his first and third grounds of his ineffective assistance of trial counsel claim, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner, however, has made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of petitioner's contentions would result in a fundamental miscarriage of justice. Accordingly, I conclude that petitioner's procedural default bars federal review of his first and third grounds for his ineffective assistance of trial counsel claim.

As to the second and fourth ground, petitioner's vague and conclusory allegations regarding trial counsel's failure to advocate on petitioner's behalf as well as counsel's failure to challenge the verdict does not establish that the result of the proceedings would have been different if not for counsel's error – or even that his behavior was erroneous at all. In fact, the record clearly indicates that defense counsel's conduct both before and during trial comported with the adversarial nature of a criminal proceeding, and that counsel provided adequate, effective and meaningful

assistance. Therefore, I respectfully recommend that petitioner's claim for habeas relief on the ground of ineffective assistance of trial counsel must be dismissed.

    2. <u>Appellate Counsel</u>

Petitioner asserts that he was deprived of his right to effective assistance of appellate counsel. Petitioner contends that his appellate attorney: (1) failed to raise an ineffective assistance of trial counsel claim in his appellate brief; and (2) submitted an unacceptable appellate brief on behalf of petitioner. <u>See</u> Pet. ¶ 12B. Petitioner raised both of these allegations in his motion for writ of error *coram nobis* to vacate the decision and order of the Appellate Division. <u>See</u> Schedule Q. The Third Department summarily denied petitioner's motion. <u>See</u> Schedule S. Finally, the New York Court of Appeals denied petitioner leave to appeal the denial of his *coram nobis* application. <u>See</u> Schedule V.

It is well-settled that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000). Also, the Supreme Court has held that indigent defendants do not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the [defendant], if counsel, as a matter of professional judgment, decides not to present those points." <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). Failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented. <u>See</u> <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994). Further, in order to succeed on his claim, petitioner must demonstrate that

there is a reasonable probability that the omitted claim would have been successful on appeal before the state's highest court.  See id. at 534.

Here, petitioner alleges that appellate counsel was ineffective because (1) he failed to argue on appeal that trial counsel was ineffective and (2) he failed to prepare an adequate brief to the Appellate Division.  Petitioner has failed to demonstrate that raising the ineffective assistance of counsel claim would have been successful on direct appeal.  Therefore, he has failed to demonstrate that appellate counsel was ineffective for failing to raise it therein.  Additionally, a review of appellate counsel's brief supports the court's determination that appellate counsel provided adequate, effective and meaningful assistance.  Therefore, I conclude, and respectfully recommend, that petitioner's claim for habeas relief on the ground of ineffective assistance of appellate counsel must be dismissed.

C.     Weight of Evidence Insufficient to Sustain Verdict

Petitioner asserts that the weight of the evidence was insufficient to sustain the verdict in his case.  Petitioner contends that the prosecution did not supply medical evidence to support that the alleged weapons were used to commit the crimes charged.  Petitioner raised an allegation that the evidence was legally insufficient to sustain the charge and verdict for assault in the first degree on direct appeal.  The Appellate Division, Third Department, in a Decision and Order entered on November 27, 2002, found that the evidence was sufficient to sustain the verdict and denied petitioner's contention on that ground[4].  See  Elliot, 299 A.D.2d at 732.

---

[4] This disposes of petitioner's claim that the attempted assault in the first degree charge and assault in the second degree charge was a repugnant verdict.  Petitioner claims he was convicted of a crime for which

Here, petitioner does not specify which charges and convictions he challenges based on insufficient evidence. Therefore an analysis of the other charges is necessary.

"A claim of insufficiency of evidence is essentially a question of state law, and does not rise to the level of a federal constitutional claim absent a record so totally devoid of evidentiary support that a due process issue is raised." Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). In reviewing a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Gonzalez v. Travis, 172 F.Supp.2d 448, 457 (S.D.N.Y. 2001) (citing Jackson v. Virginia, 443 U.S. 307, 313 (1979)). See also Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir.), cert. denied, 515 U.S. 1136 (1995). In addition, a federal habeas court must presume that in convicting a habeas petitioner, the jury "resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. Moreover, even erroneous evidentiary rulings by state courts generally do not rise to the level of a Constitutional violation. See Roberts v. Scully, 875 F.Supp. 182, 189 (S.D.N.Y. 1995), aff'd, 71 F.3d 406 (2d Cir. 1995).

Applying these principles, I find that the evidence presented at petitioner's trial was sufficient to convince a rational trier of fact that the essential elements of assault in the second degree, criminal possession of a weapon in the third degree, and unlawful

---

he did not commit one of its essential elements. See Pet. ¶ 12E.

imprisonment in the first degree were proven beyond a reasonable doubt. The victim testified that she was attacked by petitioner, and that he used his hands, knives, and a wooden table leg to injure her. She also testified that she was tied up with her belt and a phone cord, both of which were recovered at the crime scene. Petitioner admitted that he hit plaintiff several times with his closed fists. Two police officers testified that they saw petitioner with the table leg in his hands as they arrested him. Additionally, the nurse that cared for the victim testified about the wounds that the victim sustained, noting that the worst wound in the victim's arm was inflicted by a sharp object. Taken together, this evidence was sufficient for the jury to convict petitioner. I therefore conclude, and respectfully recommend that petitioner's claim for habeas relief on the ground that the evidence in his case was insufficient to sustain the verdict is without merit and must be dismissed.

D.   Cruel and Excessive Punishment

Petitioner asserts that the sentence imposed in his case amounts to cruel and excessive punishment. Petitioner contends that "the court abused it[s] discretion by impos[]ing the maximum sentence." See Pet. at ¶ 12D. Petitioner's claim that his sentence amounts to cruel and excessive punishment fails to provide a basis for habeas relief. It is well-settled that, where the sentence imposed falls within the range prescribed by state law, no constitutional issue is presented upon which habeas corpus relief can be granted. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, petitioner was sentenced (as a second felony offender) to "concurrent prison terms of 15 years for his conviction of attempted assault in the first degree, seven years for his

conviction of assault in the second degree, 2 1/3 to 7 years for each of his two convictions of criminal possession of a weapon in the third degree and 1 1/3 to 4 years for his conviction of unlawful imprisonment in the first degree." See Elliot at 732. Petitioner's sentence as imposed by the trial court falls within the range prescribed by state law.  See N.Y. Penal Law §§ 70.02(1)(a), (e); 70.04(3)(a), (c); 70.06(6)(a), (c).

Accordingly, I conclude, and respectfully recommend, that petitioner's claim for habeas relief on the ground that his sentence amounts to cruel and excessive punishment does not rise to the level of a constitutional violation and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from the receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The

Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: September 17, 2007

White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE

Copies of this Report and Recommendation have been sent to the following:

Hon. Kenneth M. Karas, USDJ

Roy Lee Elliott, *pro se*

Bonnie M. Mitzner, Esq.

16