USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROY LEE ELLIOT,

                        Petitioner,

   -v-

WILLIAM PHILLIPS, Superintendent Green Haven Correctional Facility, and THE ATTORNEY GENERAL OF THE STATE OF NEW YORK,

                        Respondents.

No. 05-CV-3119 (KMK) (GAY)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

KENNETH M. KARAS, U.S. District Judge:

     Pro Se Petitioner Roy Lee Elliot ("Petitioner") brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner was charged by the People of the State of New York with assaulting a woman on November 26, 2000, including by striking her with a hammer, a wooden table leg, and a knife. Following a three-day trial in Sullivan County Court lasting from February 20 to 22, 2001, a jury found Petitioner guilty of: (1) attempted assault in the first degree; (2) assault in the second degree; (3) two counts of criminal possession of a weapon in the third degree; and (4) unlawful imprisonment in the first degree. (Doc. No. 11, Ex. W at 369-70.) On April 5, 2001, County Court Judge Frank J. LaBunda sentenced Petitioner to concurrent terms of imprisonment, with the longest running for a period of fifteen years. (Doc. No. 8, Ex. C at 1.)

---

[1] Petitioner's papers variously spell his own name as "Elliot" and "Elliott." For consistency with the state court captions, the Court refers to Petitioner as "Elliot" in this Order.

1

Petitioner already has engaged in lengthy appeal proceedings before the New York courts. He was represented by counsel on direct appeal to the Appellate Division. *See People v. Elliot*, 751 N.Y.S.2d 331 (App. Div. 2002). The Appellate Division rejected Petitioner's contentions that the indictment should have been dismissed for failure to serve a bill of particulars and that the evidence was legally insufficient to convict on the first degree assault claim. *Id.* at 332-33.

As to Petitioner's claims that his right to be present for proceedings was violated in two instances during the trial, the Appellate Division rejected the claim as to one instance and remanded for a reconstruction hearing to determine whether he was present during the questioning of a juror. *Id.* at 333-35. A different trial judge held a reconstruction hearing and found that Petitioner had been present during the interview of the juror in question. *People v. Elliot*, 757 N.Y.S.2d 807, 807 (App. Div. 2003). On that basis the Appellate Division upheld the initial conviction. *Id.* The New York Court of Appeals denied leave to appeal the Appellate Division's determination. *People v. Elliot*, 766 N.Y.S.2d 169 (2003). Petitioner moved to vacate the judgment under N.Y. C.P.L. § 440.10(1)(h) and the trial court denied the motion. (Doc. No. 9, Ex. M.) Petitioner next moved the Appellate Division pro se for a writ of coram nobis contending ineffective assistance of trial and appellate counsel. (Doc. No. 10, Ex. S.) The New York Court of Appeals denied leave to appeal this determination. (Doc. No. 10, Ex. V.)

This Petition first was brought in the District Court for the Northern District of New York on December 13, 2004, and was transferred to the Southern District of New York in early 2005. District Judge Colleen McMahon, to whom this case was initially assigned, referred it to Magistrate Judge George A. Yanthis. The case was reassigned to this Court on August 6, 2007, and Judge Yanthis issued a Report and Recommendation ("R&R") on September 17, 2007.

Petitioner submitted timely Objections on September 28, 2007, claiming that Magistrate Judge Yanthis erred on four specific grounds: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) insufficient evidence to sustain guilty verdict, contrary to due process rights guaranteed by the Fourteenth Amendment; and (4) cruel and excessive punishment in violation of the Eighth Amendment. Because Petitioner is pro se, the Court construes his pleadings liberally. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). The Court reviews de novo those aspects of the R&R to which Petitioner has raised timely and specific objections, with the balance subject to review for clear error only. *See* Fed. R. Civ. P. 72(b).

As to the claimed ineffective assistance of trial counsel, Magistrate Judge Yanthis concluded that "the record clearly indicates that defense counsel's conduct both before and during trial comported with the adversarial nature of a criminal proceeding, and that counsel provided adequate, effective and meaningful assistance." (R&R 10-11.) Accordingly, Magistrate Judge Yanthis rejected Petitioner's assertion that trial counsel was ineffective by failing to advocate on petitioner's behalf and by failing to challenge an allegedly repugnant and inconsistent verdict. (*Id.*) Having reviewed the matter de novo, the Court reaches the same finding and adopts that portion of the R&R. *Cf. Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (holding that ineffective assistance claim requires showing that counsel's representation was objectively unreasonable and that there is a reasonable probability that but for counsel's error the proceeding's result would have been different). Magistrate Judge Yanthis also rejected Petitioner's contention that his trial attorney failed to ensure his presence at all stages of the trial. Petitioner has not objected to this aspect of the R&R and, in any event, the issue was clearly resolved in reconstruction proceedings ordered by the Appellate Division, which affirmed a trial

3

court determination "that defendant was present during the interview of the juror in question, as well as during all the other juror interviews that were conducted by the court." *People v. Elliot*, 757 N.Y.S.2d 807, 807 (App. Div. 2003).

Petitioner's most substantial objection as to his ineffective assistance of trial counsel claim is that trial counsel withheld exculpatory evidence in the form of a medical report showing that the victim "did not receive injuries that resulted in serious physical injury [sic]." (Pet'r's Objections ("Obj.") 6.) According to Petitioner, there was "no legitimate explanation for trial counsel's actions and omissions." (*Id.* 7.) First, Magistrate Judge Yanthis correctly concluded that this claim should be dismissed for procedural default. *Cf. Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (holding that independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"); *Canteen v. Smith*, No, 05-CV-4580, 2008 WL 2115245, at *3 (S.D.N.Y. May 14, 2008) (explaining procedural default). Here, Petitioner did not raise the issue of the medical report in his direct appeal. (Doc. No. 9, Ex. C.) Admittedly, Petitioner separately complains about ineffective assistance by his appellate counsel; however, the Appellate Division granted Plaintiff leave to file a supplemental brief pro se in which he had the opportunity to raise this claim. (*Id.*, Ex. B.) Instead, Petitioner first raised the issue in his motion to vacate judgment, where the court held it was at that point procedurally precluded from review because of "defendant's unjustifiable failure . . . to raise such a ground or issue upon an appeal actually perfected by him." (*Id.*, Ex. M.) (quoting N.Y. C.P.L. § 440.10(2)(a)). In any event, Respondents observe that the medical records state that the victim had been repeatedly stabbed, and Petitioner had denied stabbing the victim during his testimony. (Mem. of Law in Supp. of Ans. at 8.) As Respondents point out, trial counsel "cannot be

4

deemed to be ineffective in not putting into evidence documentary proof that was in direct contradiction with petitioner's trial testimony." (*Id.*) Certainly, this Court cannot now find, "in light of all the circumstances, [that] the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Indeed, although no Party has submitted the medical records in question for the Court to consider, the representations made are sufficient for the Court to reach the same determination as did Magistrate Judge Yanthis that there is no showing that failure to consider the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Lastly, for completeness, the Court finds that in light of the entirety of the trial record showing that the proof against Petitioner was substantial, Petitioner cannot satisfy the second part of the *Strickland* test with respect to his claim about the medical record evidence. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Thus, the Court rejects Petitioner's objection that trial counsel's failure to introduce the medical record evidence constituted ineffective assistance.

As to claimed ineffective assistance of appellate counsel, Magistrate Judge Yanthis concluded that Petitioner had failed to demonstrate a reasonable probability that an omitted claim would have been successful on appeal before the state's highest court. *See Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994). As Magistrate Judge Yanthis stated, "review of appellate counsel's brief supports the court's determination that appellate counsel provided adequate, effective and meaningful assistance." (R&R 12.) Having reviewed the matter de novo, the Court reaches the same finding and adopts that portion of the R&R.

5

As to the claim of insufficient evidence, Magistrate Judge Yanthis found that "the evidence presented at petitioner's trial was sufficient to convince a rational trier of fact that the essential elements of assault in the second degree, criminal possession of a weapon in the third degree, and unlawful imprisonment in the first degree were proven beyond a reasonable doubt." (R&R 13-14.) Indeed, the victim testified extensively at trial. (Doc. No. 11, Ex. W at 153-88.) The transcript reflects that the victim stated that Defendant "stabbed me in my arm here" and pulled up her short sleeve shirt to indicate her "stab wound from the knife," then explained that Defendant "started stabbing me in my chest here." (*Id.* at 162-63.) Strikingly, Petitioner acknowledged at trial having punched his girlfriend in the face, an admission he repeats in his Objections. (Obj. 2-3.) Having reviewed the matter de novo, the Court reaches the same finding as did Magistrate Judge Yanthis and adopts that portion of the R&R.

As to the claimed Eighth Amendment violation of cruel and excessive punishment, Magistrate Judge Yanthis explained that because Petitioner's sentence imposed at trial falls within the range prescribed by state law, no constitutional issue is presented on which habeas corpus relief can be granted.[2] (R&R 14-15.) Having reviewed the matter de novo, the Court reaches the same finding and adopts that portion of the R&R.

Accordingly, the R&R is adopted in its entirety. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Soto v. United States*, 185 F.3d 48, 51 (2d Cir. 1999). The Court certifies

---

[2] In his objection to this point, Petitioner cites *Old Chief v. United States*, 519 U.S. 172 (1997), but this case does not support his claim. In *Old Chief*, the Supreme Court merely held that the prosecution may be required to stipulate to a criminal defendant's prior conviction when the prior conviction is an element of the alleged crime. *Id.* at 191 (holding that it was "abuse of discretion" to admit record on proof of convict status "when an admission was available.") Indeed, *Old Chief* makes no mention at all of any Eighth Amendment limitation on a sentencing court's discretion to consider a defendant's prior criminal record in imposing sentence.

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

The Petition is DENIED and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.
Dated:     June ___, 2008
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

**Service List**

**Copies Mailed By Chambers:**

Mr. Roy Lee Elliot
#01-A-2138
Fishkill Correctional Facility
P.O. Box 1245
Beacon, N.Y. 12508
*Plaintiff Pro Se*

Bonnie M. Mitzner, Esq.
Office of the Sullivan County District Attorney
County Court House
Monticello, N.Y. 12701
*Counsel for Defendants*

**Copy To:**
Hon. George A. Yanthis
United States Magistrate Judge